UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN TRENT WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS WESTERMAN WOLF,<br>Gov. of PA, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:22-cv-01360<br><br>(CONNER, J.)<br>(SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

This is an employment discrimination action, brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* The plaintiff commenced the action by filing his original, fee-paid *pro se* complaint in the United States District Court for the Eastern District of Pennsylvania on October 24, 2019. (Doc. 1.) The action was subsequently transferred to this court on August 30, 2022. (Doc. 34.)

Generally, a plaintiff is permitted 90 days to serve the summons and complaint on each named defendant. *See* Fed. R. Civ. P. 4(m). For good cause shown, this 90-day time limit may be extended for "an appropriate period." *See id.*; *see also* Fed. R. Civ. P. 6(b).

On September 9, 2022, we entered an order directing the clerk of court to issue a summons to the *pro se* plaintiff for service of his amended complaint on the sole remaining defendant, the Pennsylvania Department of Transportation ("PennDOT"). (Doc. 38.) A summons packet was issued to the plaintiff on September 12, 2022, for service on the named defendant. (Doc. 39.)

In an order entered on December 30, 2022, we *sua sponte* granted the plaintiff an extension of time until January 30, 2023, to serve the summons and a copy of the amended complaint on the defendant state agency. (Doc. 48.) Now, more than 90 days after that time period expired, and eight months after the summons was initially issued to the plaintiff, no proof of proper service of process has been filed with respect to the remaining defendant.

I. DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

A summons packet was issued to the plaintiff on September 12, 2022, for service on the lone remaining named defendant. (Doc. 39.)

On December 12, 2022, after the 90-day period had expired, the court entered a show cause order admonishing the plaintiff that the action would be dismissed if he did not show good cause within 30 days why service had not been made within the 90-day period. (Doc. 40.) On December 21, 2022, PennDOT filed a completed form AO 399 indicating that it had waived formal service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Doc. 42.) As a consequence, we entered an order vacating our December 12 order to show cause as moot. (Doc. 43.)

On December 29, 2022, the plaintiff filed a *pro se* motion to strike the waiver of service form. (Doc. 46.) The plaintiff stated that he never requested that PennDOT waive formal service, and that he had in fact utilized the services of a professional process server to effectuate service of the summons and complaint on the defendant. Based on the plaintiff's representations and documentary exhibits submitted in support of his

motion, we granted the motion to strike the waiver. (Doc. 48.) In doing so, however, we noted that the plaintiff's proffered proof of service was insufficient to establish proper service on PennDOT, pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure. (*See id.* at 2–3.) We provided the *pro se* plaintiff with *detailed* guidance on the requirements for effective service of process under Rule 4(j)(2), and we granted him a *sua sponte* extension of time to complete proper service—until January 30, 2023. (*See id.* at 3–4.)

On January 31, 2023, this most recent extension of time for service of process having expired, we entered a second order to show cause, admonishing the plaintiff that the action would be dismissed if he did not show good cause within 30 days why proper service had not been made within the allotted time period. (Doc. 49.)

Now, more than three months after that most recent extension of time expired, despite ample time and detailed instruction by the court, the plaintiff has not submitted proof of proper service upon the defendant, nor has he articulated good cause for any further extension of time. For the same reasons previously explained in our order of December 30, 2022, the plaintiff's efforts simply do not suffice to constitute proper

service of process upon the defendants. *See* Fed. R. Civ. P. 4(j)(2); *see also* 42 Pa. Cons. Stat. Ann. § 8523(b); Pa. R. Civ. P. 422(a); 37 Pa. Code § 111.1; *Thorne v. Pennsylvania*, 77 F.R.D. 396, 397–98 (E.D. Pa. 1977).

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for failure to timely perfect service under Rule 4(m) of the Federal Rules of Civil Procedure; and

2. The Clerk be directed to mark this case as **CLOSED**.

Dated: May 8, 2023  *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN TRENT WALKER,<br><br>   Plaintiff,<br><br>   v.<br><br>THOMAS WESTERMAN WOLF,<br>Gov. of PA, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 1:22-cv-01360<br><br>(CONNER, J.)<br>(SAPORITO, M.J.) |

# NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated May 8, 2023. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

- 2 -

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: May 8, 2023                              *s/Joseph F. Saporito, Jr.*
                                                JOSEPH F. SAPORITO, JR.
                                                United States Magistrate Judge